IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2019 Session

## RICKEY THOMPSON v. STATE OF TENNESSEE, DEPARTMENT OF CORRECTION

**Appeal from the Circuit Court for Davidson County**
**No. 16-C-1970     Thomas W. Brothers, Judge**

---

### No. M2018-02262-COA-R3-CV

---

This appeal concerns the court's summary judgment dismissal of the plaintiff's age discrimination and retaliatory discharge claims against the State of Tennessee, Department of Correction.   We affirm the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

R. Patrick Parker, Henderson, Tennessee, for the appellant, Rickey Thompson.

Herbert H. Slatery, III, Attorney General & Reporter; Andree Sophia Blumstein, Solicitor General; and Rachel A. Newton, Assistant Attorney General, for the appellee, State of Tennessee, Department of Correction.

### OPINION

### I.     BACKGROUND

Rickey Thompson ("Plaintiff") was first hired in 1999 as a correctional officer for the State of Tennessee, Department of Correction ("TDOC").  He then transferred to the Correctional Academy as a Correctional Academy Instructor I and was later promoted to Instructor 2.  In 2016, all Instructor 2 positions were eliminated due to a Reduction in Force ("RIF") as part of the State's Voluntary Buyout Plan.  The TDOC then created two new Instructor I positions as part of the organizational restructuring.   While still employed as an Instructor 2, Plaintiff and four other candidates applied for the two newly created positions.  Each candidate participated in two rounds of interviews.  Plaintiff was

not hired for the position. One position was awarded to someone in his 30s, while the other position was awarded to someone slightly older than Plaintiff, who was 53 years old at that time. His position was terminated on June 30, 2016.

Plaintiff filed suit, alleging age discrimination under the Tennessee Human Rights Act ("THRA").[1] He also brought a retaliatory discharge claim under the Tennessee Public Protection Act ("TPPA"), alleging that he was terminated for his refusal to violate two internal policies, one of which pertained to written examination requirements for employee firearms training and the other of which pertained to vision requirements for new correctional officers. He explained that he was instructed to ensure that everyone who attended the firearms program qualified for service by "any means necessary," despite his or her failure to fulfill the mandatory minimum requirements.

The TDOC moved for summary judgment dismissal. In support of its motion, the TDOC submitted an affidavit, inter alia, in which Ronald Whitmore, the Superintendent of the TDOC Academy, attested that the TDOC eliminated 11 positions, including 4 Instructor 2 positions, as part of a RIF at the Tennessee Correctional Academy. He continued,

> The four (4) Instructor 2 positions were the only Instructor 2 positions at the Academy. The Instructor 2 positions were reclassified to Instructor 1 positions to eliminate redundancy in supervisory duties, which is the same reason the Training Director 1 position was eliminated. . . . Only two of the positions that were reclassified from Instructor 2 to Instructor 1 were filled while Plaintiff was employed by [the] TDOC.
>
> After learning that all the Instructor 2 positions at the Academy would be eliminated as a result of the RIF that occurred due to the State's Voluntary Buyout Plan, one of the Instructor 2s, Charles "Michael" Long, elected to take the Voluntary Buyout. Another, Sean Lenart, found employment outside of [the] TDOC. Another, Anthony Roark, was hired as an Instructor 1 after being required to apply and interview for the position.

Mr. Whitmore further attested that none of his actions regarding the terms of Plaintiff's employment were based upon age and that he never asked Plaintiff to violate any state or federal law or civil or criminal code or to remain silent about any violation.

Plaintiff claimed age discrimination in both his separation from his employment and in the failure to hire him as an Instructor 1. He alleged that he received age-related

---

[1] Plaintiff also brought a hostile work environment claim based upon his age that was ultimately dismissed by the trial court. He does not appeal the dismissal of this claim.

comments related to his job performance in 2011. He claimed that his supervisor also attempted to dissuade him from even applying for the Instructor 2 position in 2016. He was informed after the interviewing process that he had not received the scores expected of him. The TDOC countered that Plaintiff received the lowest average ranking from the two interview panels and that one of the two men hired in his stead was older than him.

Relative to his retaliatory discharge claim, Plaintiff alleged that he was told to violate regulations concerning firearms qualifications. He was instructed to ensure that everyone who came through the firearms program qualified "by any means necessary" or that the TDOC would find someone who would. He was also told that he was not a "team player" by not ensuring that all officers received their firearms qualification even though they failed to meet minimum standards. Two months prior to his termination, he was removed from the instructor list, relocated, and told to turn in his equipment. The TDOC countered that dismissal of his retaliatory discharge claim was appropriate because Plaintiff failed to show that he refused to participate in or remain silent about any "illegal activities" when his claim was based upon an internal policy. The TDOC further claimed that Plaintiff failed to show a causal connection between the alleged "protected conduct" and his termination.

The trial court granted summary judgment in favor of the TDOC on the age discrimination claims, finding that Plaintiff's evidence was insufficient to establish that age was a determining factor in his termination or in the TDOC's failure to hire him for the new position when one of the positions was filled by someone older than him. The court also granted summary judgment on Plaintiff's retaliatory discharge claim, finding that Plaintiff failed to establish that he refused to participate in or remain silent about illegal activities. The court further found that Plaintiff had also failed to establish that he informed someone other than his employer of the alleged illegal activities, a necessary element to establish a retaliatory discharge claim. Plaintiff appeals the summary judgment dismissal of his discrimination and retaliatory discharge claims.

## II.   ISSUES

The issues on appeal are as follows:

A.     Whether the court erred in granting summary judgment dismissal on the age discrimination claims.

B.     Whether the court erred in granting summary judgment dismissal on the retaliatory discharge claim.

## III.    STANDARD OF REVIEW

The appropriate summary judgment standard to be applied is as follows:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense.

*Rye v. Women's Care Center of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04.

"We review a trial court's ruling on a motion for summary judgment de novo, without a presumption of correctness." *Rye*, 477 S.W.3d at 250 (citations omitted). "In doing so, we make a fresh determination of whether the requirements of [Rule 56] have been satisfied." *Id.* (citations omitted). We must view all of the evidence in the light most favorable to the nonmoving party and resolve all factual inferences in the nonmoving party's favor. *Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 84 (Tenn. 2008).

## IV.    DISCUSSION

### A.

The THRA provides that it is a discriminatory practice for an employer to "[f]ail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's . . . age." Tenn. Code Ann. § 4-21-401(a)(1). Plaintiff claims under the THRA that the TDOC discriminated against him on the basis of his age both when it separated him from employment and when it failed to hire him as an Instructor 1. He claims that his evidence was sufficient to establish his claim when he was the only one affected by the RIF and when the older candidate who was allegedly hired in his stead was not specifically hired to fill the Instructor I position. The TDOC responds that the record establishes that the RIF affected all four of the Instructor 2 positions and that Plaintiff was simply the last employee remaining after selections were made for the new positions. The TDOC argues that Plaintiff also cannot establish a

discriminatory failure to hire claim when the one of the two positions available was filled by an employee older than him.

When there is no direct evidence of age discriminatory termination, an employee must first establish a prima facie case of discrimination by proving that "(1) he was a member of the protected class;[2] (2) he was subjected to [an] adverse employment action; (3) he was qualified for the position; and (4) he was replaced by a younger person," namely someone outside of the protected class. *Brenner v. Textron Aerostructures, A Division of Textron Inc.*, 874 S.W.2d 579, 584 (Tenn. Ct. App. 1993) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). To sustain a prima facie case of discriminatory failure to hire, an employee must establish (1) that he was a member of a protected class of applicants age 40 years or older; (2) that he applied for and was qualified for the position in question; (3) that he was considered for and denied the position; and (4) he was rejected in favor of a substantially younger person with similar qualifications. *Trudeau v. Dep't of Labor and Workforce Dev.*, No. W2003-01920-COA-R3-CV, 2004 WL 2439404, at *3-4 (Tenn. Ct. App. Oct. 26, 2004).

If an employee has established a prima facie case of age discrimination in either context, the burden of production shifts to the employer to "articulate a legitimate non-discriminatory business reason for the challenged employment action." *Dennis v. White Way Cleaners, L.P.*, 119 S.W.3d 688, 694 (Tenn. Ct. App. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802). Once an employer has articulated such a reason, "then the burden shifts again to the [employee] to present some evidence that the [employer]'s reasons are pretextual." *Id.* (citing *Versa v. Policy Studies, Inc.*, 45 S.W.3d 575 (Tenn. Ct. App. 2000)). In establishing that the reason was pretextual, the employee may show that "the employer was more likely than not motivated by a discriminatory reason" or that "the employer's explanation was not credible." *Barnes v. Goodyear Tire and Rubber Co.*, 48 S.W.3d 698, 708 (Tenn. 2000), abrogated on other grounds by *Gossett v. Tractor Supply Co., Inc.*, 320 S.W.3d 777 (Tenn. 2010).

Despite the burden-shifting framework, the ultimate burden of persuasion remains with the employee-plaintiff. *Williams v. City of Burns*, 465 S.W.3d 96, 113 (Tenn. 2015). The employee-plaintiff also has an even higher burden when the termination at issue is a result of a RIF. *See generally Brenner*, 874 S.W.2d at 584-85 (recognizing a higher burden placed upon plaintiffs in RIF age discrimination cases). Here, Plaintiff cannot establish that age was a determining factor in his termination or in the TDOC's failure to hire him when one of the two positions was filled with someone older than Plaintiff. We affirm the trial court on this issue.

---

[2] In cases of age discrimination, the protected class consists of "individuals who are at least forty (40) years of age." Tenn. Code Ann. § 4-21-101(b).

B.

The TPPA provides that "[n]o employee shall be discharged or terminated solely for refusing to participate in, or refusing to remain silent about, illegal activities." Tenn. Code Ann. § 50-1-304(b). The TPPA defines "illegal activities" as "activities that are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn. Code Ann. § 50-1-304(a)(3). To establish a retaliatory discharge claim, a plaintiff must demonstrate "[1] that he engaged in conduct protected by the TPPA, [2] that the protected conduct was known to the defendant, [3] that the defendant thereafter discharged him, and [4] that there was the requisite causal connection between the protected conduct and the discharge." *Williams v. City of Burns*, 465 S.W.3d 96, 113 (Tenn. 2015). The plaintiff must also establish that he reported the alleged illegal activity to someone other than the employer who is allegedly in violation of the law. *Haynes v. Formac Stables*, Inc., 463 S.W.3d 34, 40-41 (Tenn. 2015).

Plaintiff argues that he presented sufficient evidence to establish that he was fired for his refusal to violate administrative policies and procedures promulgated by the TDOC. Plaintiff reasons that the TDOC is instructed by the legislature to promulgate such policies and procedures, thereby establishing that any violation of the same is tantamount to a violation of a legislative statute. The TDOC counters that internal TDOC policies are not statutes or regulations as contemplated in the TPPA statute. Further, Plaintiff failed to establish a causal connection between any protected conduct and his termination. The TDOC notes that Plaintiff's alleged refusal occurred in January 2015, disproving any connection to his termination in June 2016 as too remote in time.

Here, Plaintiff has not provided any evidence establishing that he reported the alleged illegal activity to outside officials or regulators. We also agree with the TDOC that his refusal to violate internal policies was too remote in time to establish the requisite causal connection to his termination as a result of the RIF. In consideration of the foregoing, we affirm the court's summary judgment dismissal of Plaintiff's age discrimination and retaliatory discharge claims.

## V.    CONCLUSION

We affirm the decision of the trial court and remand for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellant, Rickey Thompson.

_____
JOHN W. McCLARTY, JUDGE